UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NOEL D. E. DANDY,  :
        Plaintiff,  :
          :
   v.  :        CA 10-289 S
          :
PAUL LATROVERSE, SR.,  :
        Defendant.  :

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

    Before the Court is the Application to Proceed without Prepayment of Fees and Affidavit (Docket ("Dkt.") #2) ("Application to Proceed without Prepayment of Fees" or "Application") filed by Plaintiff Noel D. E. Dandy ("Plaintiff"). Because I conclude that the Application should be denied, it is addressed by way of this Report and Recommendation. See Lister v. Dep't of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005) (explaining that because denial of a motion to proceed in forma pauperis is the functional equivalent of an involuntary dismissal, a magistrate judge should issue a report and recommendation for a final decision by the district court).

**Discussion**

    Plaintiff's Complaint (Dkt. #1) is similar to previous complaints which he has attempted to file in this Court and which have resulted in dismissal. See Noel D. E. Dandy v. United

States of America, CA 04-449 ML ("Dandy v. United States"), Report and Recommendation of 12/28/04 (Martin, M.J.) ("R&R of 12/28/04"), at 2-14 (discussing Plaintiff's complaint, first amended complaint, and second amended complaint); id. at 17 (recommending dismissal of second amended complaint because, among other reasons, "[m]any of the allegations are incoherent or conclusory and do not give fair notice of the bases for Plaintiff's claim(s)"). As was true with his prior filings, the instant Complaint is similarly incoherent, disjointed, confusing, and largely incomprehensible.

As best the Court can understand, it appears that Plaintiff has some dispute with Defendant over an apartment which Plaintiff rented. However, the basis for Plaintiff's claim(s) against Defendant and for any cause of action which would allow this Court to exercise jurisdiction cannot be discerned.[1] Although Plaintiff states that he remains "Disabled," Complaint ¶ 15, and refers to the Americans with Disabilities Act ("ADA"), there is no explanation of how any conduct by Defendant may have violated the ADA.

Federal Rule of Civil Procedure 8(a) requires that a

---

[1] At one point in his Complaint, Plaintiff states "Plaintiff was 'wronged' & 'failed to properly keep his property weather tight by the Defendant Paul Latroverse.'" Complaint ¶ 10. Even if one assumes that Plaintiff intended to allege that Defendant failed to keep the apartment which Plaintiff had rented "weather tight" and that as a result Plaintiff's property was damaged, there is no apparent basis for this Court to exercise jurisdiction over such a claim.

2

Complaint contain: (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought.  Fed. R. Civ. P. 8(a). Plaintiff's Complaint plainly fails to satisfy the first two of these requirements.

In view of Plaintiff's previous filings, see Dandy v. United States, CA 04-449 ML, R&R of 12/28/04 at 2-14 (discussing Plaintiff's filings), no purpose would be served by affording him an opportunity to file an amended complaint in this matter. There is no reason to believe that an amended complaint would be any more comprehensible than his previous filings.[2]

---

[2] In Dandy v. United States, CA 04-449 ML, the Court made a significant effort to guide Plaintiff:

> The court has conducted two hearings and issued two written orders in an attempt to give Plaintiff the opportunity to file a complaint which complies with the Federal Rules of Civil Procedure.  Despite these efforts, Plaintiff's Second Amended Complaint contains several of the deficiencies which were fatal to his earlier pleadings.  It contains multiple, unrelated causes of action.  It lacks a short and plain statement of the grounds on which the court's jurisdiction depends for each cause of action.  Many of the allegations are incoherent or conclusory and do not give fair notice of the bases for Plaintiff's claim(s) ....  Therefore, the Second Amended Complaint fails to state a claim upon which relief may be granted, and it should be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

Dandy v. United States, CA 04-449 ML, R&R of 12/28/04 at 17.

**Conclusion**

Accordingly, for the reasons stated above, I recommend that the Application be denied and that the action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)[3] because it fails to state a claim upon which relief may be granted. See Feeney v. Correctional Medical Services, Inc., 464 F.3d 158, 161 n.3 (1st Cir. 2006)(noting that § 1915(e)(2)(B)(ii) authorizes a federal court, sua sponte,[4] to dismiss an action filed in forma pauperis if the court determines that it fails to state a claim on which relief may be granted).

Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district

---

[3] Section 1915(e)(2) states that:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
    (A) the allegation of poverty is untrue; or
    (B) the action or appeal--
       (i)  is frivolous or malicious;
       (ii) fails to state a claim on which relief may be granted; or
       (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

[4] Sua sponte means "[w]ithout prompting or suggestion; on its own motion ...." Black's Law Dictionary 1464 (8th ed. 1999).

court and of the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
July 26, 2010